UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MICHAEL BARROW | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16- 15967 |
| JAMES RIVER INSURANCE COMPANY | SECTION: "G"(3) |

## ORDER

This litigation arises out of Plaintiff Michael Barrow's ("Plaintiff") claims for damages following a motor vehicle accident on October 16, 2015.[1] Plaintiff originally filed this action in state court, but Defendant James River Insurance Company ("Defendant") removed the case to this Court on October 31, 2016, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Upon review of this matter, it came to the Court's attention that the Court may not have subject matter jurisdiction over this matter. Even though Plaintiff has not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[3] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4]

On November 2, 2016, the Court ordered Defendant to submit evidence regarding the amount in controversy at the time of removal to the Court by November 16, 2016.[5] On November

---

[1] Rec. Doc. 1-1 at 4.

[2] Rec. Doc. 1.

[3] *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[4] 28 U.S.C. § 1447(c).

[5] Rec. Doc. 4.

15, 2016, Plaintiff filed a stipulation that the value of his claims does not exceed $75,000.[6] Defendant filed a memorandum regarding the amount in controversy on November 16, 2016.[7] For the reasons that follow, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000. Therefore, the Court lacks subject matter jurisdiction over the above-captioned matter and hereby remands it to state court.

## I. Background

In his petition, Plaintiff alleges that he was injured on October 16, 2015, when another vehicle driven by an underinsured motorist struck the rear of his vehicle and injured Plaintiff.[8] Plaintiff argues that he suffered "severe and disabling injuries, causing permanent disability, loss of enjoyment of life, loss of consortium, loss of earnings, medical expenses, and physical and mental pain and suffering.[9] Plaintiff seeks to recover for those injuries under an uninsured/underinsured motorist' insurance policy issued by Defendant.[10]

On October 31, 2016, Defendant removed this case to this Court, asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because, according to Defendant, the parties are diverse and the value of Plaintiff's claims is in excess of $75,000.[11] Defendant contends that Plaintiff's medical records shows that he allegedly suffers from herniated discs at three levels as

---

[6] Rec. Doc. 7.

[7] Rec. Doc. 8.

[8] Rec. Doc. 1-1 at 4-5.

[9] *Id.* at 5.

[10] *Id.*

[11] Rec. Doc. 1 at 2.

well as knee problems.[12] Defendant attached a bill for $4,600.12 for past medicals to its Notice of Removal.[13] Defendant also avers that Plaintiff is seeking additional liability of 50% of the amounts wrongfully withheld by Defendant or three times his consequential damages.[14]

On November 2, 2016, following the Fifth Circuit's guidance in *Simon v. Wal-Mart Stores, Inc.*,[15] and *Gasch v. Hartford Accident & Indemnity Co.*,[16] the Court ordered that Defendant must submit evidence regarding the amount in controversy at the time of removal.[17] On November 15, 2016, Plaintiff filed a stipulation that the value of his claims does not exceed $75,000.[18] On November 16, 2016, Defendant filed a memorandum regarding the amount in controversy.[19]

## II. Parties' Arguments

### A.   *Plaintiff's Stipulation*

In Plaintiff's "Stipulation Regarding Limit on Recoverable Damages," Plaintiff stipulated that the value of his claims does not exceed $75,000.[20] Plaintiff also stipulated that he will not seek to recover any judgment in excess of $75,000.[21]

### B.   *Defendant's Memorandum Regarding the Amount in Controversy*

In Defendant's "Memorandum and Submission of Evidence Regarding the Amount in

---

[12] *Id.*

[13] *Id.*; Rec. Doc. 1-2 at 1.

[14] *Id.* at 4.

[15] 193 F.3d 848, 850 (5th Cir. 1999).

[16] 491 F.3d 278, 281 (5th Cir. 2007).

[17] Rec. Doc. 4.

[18] Rec. Doc. 7.

[19] Rec. Doc. 8.

[20] Rec. Doc. 7 at 1.

[21] *Id.*

3

Controversy," Defendant avers that Plaintiff has received physical therapy and an epidural steroid injection to treat disc herniations at three levels: L3-4, L4-5 and L5-S1.[22] Defendant asserts that Plaintiff has also been treated for bilateral knee pain, but alleges that Plaintiff's diagnosis is not clearly stated in his medical records.[23] Defendant also points out that Plaintiff has claimed these injuries have rendered him disabled, and that Plaintiff is seeking statutory penalties and attorneys' fees.[24] Defendant cites several Louisiana state court cases where plaintiffs with similar types of injuries received general damage awards in excess of $75,000.[25] Defendant contends that "[n]otwithstanding this evidence," Plaintiff has stipulated that the value of his claims does not exceed $75,000.[26]

### III. Law and Analysis

#### A. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[27] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[28] The removing party bears the burden of demonstrating that federal

---

[22] Rec. Doc. 8 at 1.

[23] *Id.*

[24] *Id.* at 2.

[25] *Id.* (citing *Peoples v. Fred's Store of Tenn.*, 09-1270 (La. App. 3 Cir. 6/2/10); 38 So.3d 1209 ($85,000 in general damages awarded for one disc bulge); *Puffin v. Burton*, 08-0893 (La. App. 4 Cir. 5/27/09); 34 So. 3d 301 ($125,000 in general damages awarded for one disc bulge); *Collier v. Bendedetto*, 04-1025, 04-1026 (La. App. 5 Cir. 2/15/05); 897 So.2d 775 ($75,000 in general damages awarded for disc protrusions)).

[26] *Id.*

[27] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[28] 28 U.S.C. § 1332(a)(1).

4

jurisdiction exists.[29] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[30] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[31]

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[32] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[33] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[34]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[35] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[36] A defendant satisfies this burden either "(1) by

---

[29] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[30] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[31] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[32] *See Allen*, 63 F.3d at 1335.

[33] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[34] *Id.*

[35] *See* La. Code Civ. P. art. 893.

[36] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850;

demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[37] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[38]

**B.    *Analysis***

On November 2, 2016, the Court found that the amount in controversy in this matter was not facially apparent, and thus the Court was unable to determine whether the amount in controversy exceeds $75,000.[39] Therefore, relying on the Fifth Circuit's pronouncement in *Allen v. R&H Oil & Gas Co.* that "[i]n situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence,"[40] this Court ordered Defendant to submit evidence regarding the amount in controversy at the time of removal.[41]

In Defendant's "Memorandum and Submission of Evidence Regarding the Amount in Controversy," Defendant offers little additional evidence that the amount in controversy exceeds $75,000, and offers no additional evidence of the costs of Plaintiff's medical treatment at the time of removal beyond the $4,600.12 medical bill attached to Defendant's Notice of Removal.[42]

---

*Allen*, 63 F.3d at 1335.

[37] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[38] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[39]  Rec. Doc. 4 at 4.

[40] 63 F.3d 1326, 1336 (5th Cir. 1995).

[41] Rec. Doc. 4 at 4.

[42] Rec. Doc. 1-2 at 1.

Defendant does not submit any evidence of any future medical treatments anticipated at the time of removal or any evidence of Plaintiff's disabilities that were alleged in Plaintiff's complaint. Additionally, Defendant fails to submit evidence regarding the value of Plaintiff's loss of enjoyment of life, loss of consortium, and loss of earnings damages allegations. Although Defendant points to three Louisiana circuit court cases where damages exceeding $75,000 were awarded, the Defendant "must do more than merely show that plaintiff could recover more than the jurisdictional amount" to satisfy its burden.[43] Moreover, each case cited by Defendant involved materially different facts and damages than are at issue here.[44] Finally, the Court notes that Plaintiff has stipulated that the amount in controversy does not exceed $75,000 in this matter and that he will not seek or be allowed to recover any judgment in excess of $75,000.[45] As this Court has previously held, "post-removal affidavits may be considered in determining the amount in controversy at the time of removal" when "the basis for jurisdiction is ambiguous at the time of removal."[46]

    In determining if the amount in controversy requirement has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the

---

[43] *Silva v. Hartford Ins. Co. of the Midwest*, No. 15-5844, 2016 WL 4501288, at *5 (E.D. La. Aug. 29, 2016) (Brown, J.); *Bourg v. Fireman's Fund Ins. Co.*, No. 99-1066, 1999 WL 335636, at *1 (E.D. La. May 24, 1999) (Clement, J.) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995)).

[44] Rec. Doc. 8 at 2. *See Peoples v. Fred's Stores of Tennessee, Inc.*, 2009-1270 (La. App. 3 Cir. 6/2/10), 38 So. 3d 1209, 1227 (awarding $85,000 for both cervical injuries and pain in the plaintiff's neck, left hand, and wrist for which surgery was recommended); *Ruffin v. Burton*, 2008-0893 (La. App. 4 Cir. 5/27/09), 34 So. 3d 301, 304 (awarding $125,000 for injuries causing pain in the shoulder and neck and the resulting medical treatment); *Collier v. Benedetto*, 04-1025 (La. App. 5 Cir. 2/15/05), 897 So. 2d 775, 780 (awarding $75,000 in general damages for injuries to the plaintiff's back, neck, knee, thigh and shoulder, including a small right disc protrusion at C5–C6 and cervical and lumbar muscle strains, resulting in a twenty-seven month treatment period).

[45] Rec. Doc. 7 at 1.

[46] *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *5 (E.D. La. Dec. 29, 2014) (Brown, J.).

evidence that the amount in controversy exceeds $75,000. [47] Considering all of the evidence of the amount in controversy at the time the Notice of Removal was filed, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy requirement is met. Therefore, the Court will remand this case to state court.

## IV. Conclusion

Based on the reasons stated above, the Court finds that Defendant has put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans for lack of subject matter jurisdiction.

**NEW ORLEANS, LOUISIANA**, this 15th day of January, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[47] *Gebbia*, 233 F.3d at 882; *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.